# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BP GROUP, INC. and BEN E. PRICE, ) ) ) Plaintiffs, ) ) v. ) ) GENERAL DYNAMICS CORPORATION ) AND GULFSTREAM AEROSPACE ) CORPORATION, ) ) Defendants. ) _____) | CIVIL ACTION FILE NO. 1:06-CV-0707-ODE  Jury Trial Demanded |

## **PLAINTIFFS BEN E. PRICE AND BP GROUP, INC.'S RULE 26(a)(1) INITIAL DISCLOSURES**

COMES NOW Plaintiffs BP Group, Inc. and Ben E. Price ("Plaintiffs") and hereby provide the disclosures required by Federal Rule of Civil Procedure 26(a)(1). The following disclosures are based on information reasonably available to Plaintiffs at the present time. Plaintiffs reserve the right to supplement its disclosures as more information about this matter becomes available.

**(1)    State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

Response:

Ben Price and B. Group, Inc. have filed this action against Gulfstream Aerospace Corporation (a Georgia corporation), Gulfstream Aerospace Corporation (a Delaware Corporation), and General Dynamics (collectively, the "Defendants") to recover damages related to an aircraft. Specifically, the Plaintiffs have brought claims against the Defendants for breach of express warranty, breach of services contract, promissory estoppel, breach of implied warranties, revocation of acceptance of contract, fraud and negligent misrepresentation, and attorneys fees.

In the summer of 2000, Plaintiff Price entered into a purchase agreement with Galaxy Aerospace Company, LP ("Galaxy") to purchase a G200 Aircraft bearing manufacturer's serial number 016 (the "G200 S/N 016 Aircraft"). Mr. Price entered into a sale-lease back transaction whereby he sold the G200 A/N 016 Aircraft to a lender, First Union Commercial Corporation (later Wachovia), and then leased the G200 S/N 016 Aircraft back from First Union. Mr. Price assigned his interest in his equipment lease to Plaintiff BP Group.

The Purchase Agreement for the Aircraft expressly states and warrants that the G200 S/N 016 Aircraft would conform to the Aircraft's specifications. The specifications for the G200 S/N 016 Aircraft provided among, other things, that the Aircraft would have: a range of 3,620 miles; a basic operating weight of 19,200

lbs, inclusive of all optional equipment; and an $850 per hour direct operating cost. In addition to the specifications, Mr. Price was told that the aircraft would meet those requirements verbally as well.  The Purchase Agreement incorporated an Executive Aircraft Limited Warranty which explicitly warranted the future performance of the aircraft.  The Executive Aircraft Limited Warranty specifically warrants the primary structural parts of the G200 S/N 016 Aircraft against defects in material and workmanship for a period of ten years after delivery of the Aircraft. It also expressly provided that Mr. Price would be provided with services of repair and replacement of any defective parts of the aircraft, pursuant to the terms of the warranty.

In June of 2001, General Dynamics acquired Galaxy and integrated Galaxy's management and operations with those of General Dynamics' subsidiary Gulfstream Aerospace Corporation.  The Defendants assumed responsibility to the Plaintiffs for the Executive Aircraft Limited Warranty and associated warranties. After the acquisition, the Defendants repeatedly reaffirmed and touted the erroneous specifications set forth in Galaxy's marketing materials and in the Purchase Agreement.  The Defendants represented that they could repair the Aircraft so that it would comply with the specifications, warranties and other agreements as set forth through the Purchase Agreement, and utilized Gulfstream facilities and personnel to liaison with Plaintiffs and to perform work on the G200

S/N 016 Aircraft. The Defendants knew or should have known that it could not repair the Aircraft so that it would comply with the specifications and warranties.

The G200 S/N 016 Aircraft has suffered and continues to suffer from repeated and numerous defects, deficiencies, and non-conformities. These defects, deficiencies, and non-conformities render it materially non-compliant with the promised warranties and specifications for the G200 S/N 016 Aircraft. The pervasiveness of the defects, deficiencies, and non-conformities in the G200 S/N 016 Aircraft have directly impacted the value, reliability, and safety of the G200 S/N 016 aircraft.

Not until May 16, 2003 did Defendants first allude to Plaintiffs' representatives that the G200 S/N 016 Aircraft could not be repaired so that it would meet the ranged promised. Defendants cannot repair or replace any part of the G200 S/N 016 Aircraft that will conform the G200 S/N 016 Aircraft to the warranties and specifications provided in the Purchase Agreement.

The legal issues in this case concern whether Defendants breached the express warranties they assumed that were made to Plaintiffs by providing Plaintiffs with an aircraft that did not conform to the aircraft's specifications; whether Defendants breached the services contract by failing to repair or replace the aircraft so it conformed with the aircraft's specifications; whether Defendants should be promissorily estopped from arguing that they are not responsible, and

owe no duties to Plaintiffs pursuant to the Executive Aircraft Limited Warranty; whether the implied warranties associated with the aircraft have been breached; whether Plaintiffs are entitled to revoke the purchase agreement as a result of the Defendants breaches; whether Defendants are liable for the fraud and negligent misrepresentations of Galaxy; whether Defendants are liable for the fraud and negligent misrepresentation of the Defendants; and whether Defendants have been stubbornly litigious.

**(2)  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action;**

Response:

The statutes, rules and case law set forth below are illustrative of the principles which Plaintiffs contend are applicable to this action.  The list is not intended by Plaintiffs to be an exhaustive list of all authority applicable to this litigation and which may become known to Plaintiffs during the course of this action.

*Smith v. Nat'l Adver. Co.*, 2003 WL 559394, *6 (Tex. Ct. App. 2003) (setting forth the requirements for fraud under Texas law); *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 676-677 (Tex. 2000) (damages for fraud under Texas law).

*Glenn Thurman, Inc. v. Moore Construction, Inc.*, 942 S.W. 2d 768, 771 (Tex. App. 1997) (outlining when the Texas Business and Commercial Code

5

applies); *Mid Continent Aircraft Corp. v. Curry County Spraying Service, Inc.*, 572 S.W.2d 308 (Tex. 1978) (applying the Texas Business and Commercial Code to the sale of an airplane).

Texas Business and Commercial Code §2.313 (Express Warranties by Affirmation, Promise, Description, Sample); §2.314 (Implied Warranty: Merchantability); §2.315 (Implied Warranty: Fitness for Particular Purpose); §2.608 (Revocation of Acceptance in Whole or in Part); §2.711 (Buyer's Remedies in General; Buyer's Security Interest in Rejected Goods); §2.713 (Buyer's Damages for Non-Delivery or Repudiation); §2.714 (Buyer's Damages for Breach in Regard to Accepted Goods); §2.719 (Contractual Modification or Limitation of Remedy).

*Toshiba Machine Co., America v. SPM Flow Control, Inc.*, 2005 WL 1293598, * 5 (Tex. App. June 2, 2005) (when buyers are entitled to breach of contract remedies); *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W. 3d 894, 899(Tex. App. 2002) (Schneider, J., dissenting) (requirements for seeking breach of contract remedies).  *Neal v. SMC Corporation*, 99 S.W. 3d 813, 817 (Tex. App. 2003) (same).

*Young v. Leach*, 2004 WL 1925967, * 4 (Tex. App. 2004) (express warranty); *Hyundai Motor Co. v. Rodriquez*, 995 S.W. 2d 661, 665 (Tex. 1999) (implied warranty of merchantability); *American Tobacco Co., Inc. v. Grinnell*,

951 S.W. 2d 420, 435 (Tex. 1997) (same); *Donelson v. Fairmont Foods Co.*, 252 S.W. 2d 796, 799 (Tex. Civ. App. 1952) (same).

*Gorbett Bros. Steel Co., Inc. v. Anderson, Clayton & Co.*, 533 S.W. 2d 413 (Tex. App. Civ. 1976) (warranty of fitness for a particular purpose); *Allen v. Parsons*, 555 S.W. 2d 552 (Tex. Ct. App. 1977) (same); *Lester v. Logan*, 893 S.W. 2d 570 (Tex. Ct. App. 1994) (same).

*Barber v. Grande Truck Centre, Inc.*, 2002 WL 31253387, *4 (Tex. Ct. App. Oct. 9, 2002) (failure of essential purpose); *Metro Nat'l Corp. v. Dunham-Bush, Inc.*, 984 F.Supp. 538, 560-561 (S.D.Tex. 1997)(same).

**(3)  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims of defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A).**

Response:

Plaintiffs will supplement their response to these initial disclosures with a witness list in accordance with Fed.R.Civ.P. 26(e).

**(4)  Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in F.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach witness list and written reports to Initial Disclosures as Attachment B.)**

Response:

As discovery has not yet begun, Plaintiffs have yet to determine who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence. Plaintiffs will supplement their response to these initial disclosures in accordance with Fed.R.Civ.P. 26(e).

**(5)  Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that are relevant to disputed facts alleged with particularity in the pleadings.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

Response:

Plaintiffs will supplement their response to these initial disclosures with a document list and descriptions in accordance with Fed.R.Civ.P. 26(e).

**(6)  In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under F.R.Civ.P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Response:

Plaintiffs identify the following categories of damages that it may claim in this lawsuit.  Plaintiffs have not yet quantified the damages it has suffered and will continue to suffer.  Plaintiffs reserve the right to obtain expert testimony or expert calculations of the damages they have suffered and will continue to suffer.

Nonetheless, the following are categories of damages that Plaintiffs may seek in this Action:

1. Compensatory damages for Defendants' breach of their warranties.

2. Compensatory damages for the Defendants' breach of the service agreement.

3. Compensatory damages for the pre-payment penalties associated with the early termination of the lease of the Aircraft, caused by Defendants' breach of contract, warranties and service agreement.

4. Compensatory and punitive damages for Defendants' fraudulent misrepresentations to Plaintiffs.

5. Pre-judgment interest.

6. Attorneys' fees.

7. Costs and expenses of litigation.

**(7)  Attach for inspection and copying as under F.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Response:

Not Applicable.

**(8)  Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.**

<u>Response</u>:

    Not Applicable.

    Respectfully submitted this 19th day of January, 2007.

<u>/s/ Carl A. Gebo</u>
Carl A. Gebo
Georgia Bar No. 288711
John C. Patton
Georgia Bar No. 567232
Jennifer B. Dempsey
Georgia Bar No. 217536
Amy M. Stewart
Georgia Bar No. 141481
POWELL GOLDSTEIN, LLP
One Atlantic Center
Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta GA 30309
(404) 572-6600
*Attorneys for Plaintiffs BP Group, Inc. and Ben E. Price*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| B.P. GROUP, INC. and BEN E. PRICE, | ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION FILE NO. 1:06-CV-0707-ODE |
| v. | ) ) | |
| GENERAL DYNAMICS CORPORATION AND GULFSTREAM AEROSPACE CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on the 19th day of January, 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Amy M. Stewart
Amy M. Stewart
Georgia Bar No. 141841
POWELL GOLDSTEIN
One Atlantic Center
Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta GA 30309
(404) 572-6600
*Attorney for Plaintiffs B.P. Group, Inc. and Ben E. Price*